**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 21, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

LATOYA L. ADAMS; Y.G., a minor,

Plaintiffs - Appellants,

v.

KIM SKOUTARY; MERIDIAN
PSYCHOLOGIST, LLC; RENEE
HANSON; CHIEF  BRIAN;
DECTECTIVE  VENEGAS; OFFICER
HOOD; OFFICER  YOUNG,

Defendants - Appellees.

_____

No. 24-1406
(D.C. No. 1:24-CV-02363-LTB)
(D. Colo.)

LATOYA L. ADAMS; Y.G., minor,

Plaintiffs - Appellants,

v.

ALYSSA BAMONTI; BONDI BEACH
RESTAURANT; CORPORAL MATSUI;
OFFICER MAHER,

Defendants - Appellees.

_____

No. 24-1407
(D.C. No. 1:24-CV-02362-LTB)
(D. Colo.)

### ORDER AND JUDGMENT[*]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Latoya Adams, appearing pro se, appeals two virtually identical orders dismissing two separate complaints she filed in the United States District Court for the District of Colorado. In each case the district court denied her application to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915 because her application and accompanying affidavit showed that she had sufficient financial resources to pay the requisite filing fee and administrative fee. Each order gave her 30 days to pay the filing fee and warned her that the complaint would be dismissed without prejudice if she failed to pay. When Ms. Adams failed to pay, the court dismissed each action without prejudice for failure to prosecute.

On appeal Ms. Adams's briefs discuss the merits of her claims in district court but raise no challenge to the denials of her applications to proceed IFP. She therefore has waived any challenge to the district court's dismissals without prejudice, and we must affirm those dismissals. *See Rivero v. Bd. of Regents of the Univ. of N.M.*, 950 F.3d 754, 763 (10th Cir. 2020) ("If the district court states multiple alternative grounds for its ruling and the appellant does not challenge all those grounds in the opening brief, then we may affirm the ruling."); *Garrett v. Selby Connor Maddux & Janner*, 425 F.3d 836, 840 (10th Cir. 2005) ("Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties

2

follow the same rules of procedure that govern other litigants." (brackets, citation, and internal quotations marks omitted)).

Ms. Adams has also filed pleadings in this court requesting writs of mandamus. There are multiple possible reasons for rejecting the pleadings, but we mention only one—namely, that she has not shown that she could not have obtained relief through a regular appeal. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–381 (2004) ("[T]he party seeking issuance of the writ must have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." (brackets, citation, and internal quotation marks omitted)). We note that these pleadings assert that she is indigent. But even if we incorporated the mandamus pleadings into her appellate briefs, we still could not reverse the district-court rulings because the pleadings do not reference any sworn pleading to support the assertion or explain how the district court erred in evaluating her applications to proceed IFP.

We **AFFIRM** the dismissals by the district court, **DENY** the motions to proceed *in forma pauperis*, and **DISMISS** the requests for writs of mandamus. We remind Ms. Adams that she must pay the filing fees required for these appeals.

Entered for the Court


Harris L Hartz
Circuit Judge


3